UNITED STATES of America,
Appellee,

v.

Isaac PRESSBERG, Kevin Closs,
Alexandre Katchoura,
Defendants,

**Walter Clemens, Defendant–Appellant.**

No. 03–1205.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2003.

Thomas D. Anderson, Assistant United States Attorney, for Peter W. Hall, United States Attorney, District of Vermont (Paul J. Van de Graaf, Criminal Chief, on the brief) on submission, for Appellee.

Barbara E. O'Connor, Assistant Federal Public Defender, for Alexander Bunin, Federal Public Defender, Districts of Northern New York and Vermont, Burlington, VT, on submission, for Defendant–Appellant.

Present: MINER, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

On Dec. 18, 2002, defendant-appellant Walter Clemens pleaded guilty to conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a), 960(b)(4), 963. Prior to pleading guilty, Clemens unsuccessfully sought to suppress evidence discovered during and after a nonconsensual, warrantless search of his vehicle. The contraband in question included approximately ten pounds of marijuana, which was found in the trunk of the defendant's car. Clemens retained the right to challenge the denial of his motion to suppress, and now brings this appeal.

Defendant contends, first, that the border patrol agent in question lacked reasonable suspicion to conduct a brief investigatory stop of his vehicle. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Defendant also argues that the agent lacked the probable cause required for a warrantless search of an automobile. *See California v. Acevedo,* 500 U.S. 565, 569–70, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). As to both reasonable suspicion and probable cause, we affirm the district court's decision below, for substantially the reasons stated in its opinion. As a consequence, we need not consider whether the stop and search could also have been justified under the extended border search doctrine, *see United States v. Glaziou,* 402 F.2d 8, 13 n. 3 (2d Cir.1968); 8 U.S.C. § 1357(a)(3); 8 C.F.R. § 287.1.

We have considered all of the defendant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.